**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA

        Plaintiff,

v.                                          Case No. 07-20076
                                                      16-12439

DUJUAN KENNEDY,

        Defendant.
_____/

**ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE, AND
DENYING CERTIFICATE OF APPEALABILITY**

Pending before the court is a Motion to Vacate Sentence (Dkt. #527) filed *pro se* by Petitioner Dujuan Kennedy. Petitioner also filed an addendum which he titled "2255(f)(3 Habeas Corpus Motion," but which only supplements the previous motion with additional case law. (Dkt. #534.) The court will therefore consider the second "motion" as if it had been included in the first. Following Petitioner's addendum, the Government filed a response (Dkt. #544) and Petitioner filed a reply (Dkt. #546). After reviewing the briefs, the court concludes that no hearing is necessary. For the following reasons, the court will deny Petitioner's motion.

**I. BACKGROUND**

Petitioner pled guilty to a number of marijuana and "crack" cocaine offenses resulting in a sentence of 79 months' imprisonment on August 6, 2007. (Dkt. #154.) The court later issued an order which reduced his offense level and lowered his sentence to 66 months on June 8, 2009. On June 28, 2016, Petitioner filed the instant motion seeking to vacate his sentence in light of *Johnson v. United States*, 135 S. Ct. 2551

(2015), and *United States v. Blewett*, 746 F.3d 647 (6th Cir. 2013)(en banc), on the basis that a further reduction in the base offense level is warranted resulting in a much lower sentencing range of 30 to 37 months. He also argues that he is entitled to a sentence which reflects a reduced level of culpability.

In response the Government argues that his petition is not timely, that *Johnson* –which dealt with whether a firearm violation could be used in a sentencing determination that a defendant is a career criminal– is inapplicable because Kennedy was not adjudged a career criminal, and that *Blewett* held that changes to the operative mandatory minimum sentencing provisions do not apply in Kennedy's case where he was sentenced before the Fair Sentencing Act. Petitioner's reply contends that racial disparities in sentencing justify extending the favorable holding of *Johnson* to his case.

## II. DISCUSSION

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, applies to all *habeas* petitions filed after its effective date, April 24, 1996, and imposes a one-year limitations period for *habeas* petitions. *See* 28 U.S.C. § 2244(d)(1). A prisoner must file a federal *habeas corpus* petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) & (D).

Petitioner filed the instant motion on June 17, 2016. (Dkt. #527.) This is far more than one year after his judgment was entered in 2007 or even his resentencing in 2009. Petitioner argues that a motion may be timely if it is made within one year of the date that the right asserted was initially recognized by the Court, which he contends to be

June 26, 2015, the date that *Johnson* was decided. However, as Respondents note, Johnson is inapplicable since Petitioner was not sentenced as a career criminal. Even if *Johnson* were read to permit this very late filing, it does not justify a downward adjustment in Petitioner's sentence. Petitioner's motion is untimely and it will accordingly be denied.

## III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2255 Proceedings requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

Reasonable jurists would not debate the court's conclusion that the petition is untimely. The court denies a certificate of appealability.

## IV. CONCLUSION

IT IS ORDERED that Petitioner's Motion to Vacate Sentence (Dkts. ##527, 534) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

                                          S/Robert H. Cleland
                                          ROBERT H. CLELAND
                                          UNITED STATES DISTRICT JUDGE

Dated: April 3, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 3, 2017, by electronic and/or ordinary mail.

                                          S/Lisa Wagner
                                          Case Manager and Deputy Clerk
                                          (810) 292-6521